**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| ANTHONY VINCENT TIPTON,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:26-cv-00063—KAC—JEM |

---

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

---

Defendant Amazon.com Services LLC ("Defendant" or "Amazon") answers Plaintiff Anthony Vincent Tipton's Complaint and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Amazon admits that Plaintiff purports his case arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, et seq. but Amazon denies it violated the FMLA or the rights of Plaintiff in any manner.

2. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3. Amazon admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Amazon admits that federal question jurisdiction exists under the FMLA but denies that it violated the FMLA.

5. Amazon admits that venue is proper herein but denies that it violated the FMLA.

6. Amazon admits that it employes more than fifty (50) employees within a seventy-five (75) mile radius of its Louisville, Tennessee facility. The remainder of the allegation in

Paragraph 6 of Plaintiff's Complaint contains conclusions of law to which no response is required.

7. Denied.

**FACTUAL BASIS**

8. Denied.

9. Denied.

10. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11. Denied.

12. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Amazon admits that it received a form from Dr. Harmon. The document speaks for itself and Amazon denies any characterization of its contents.

18. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of Plaintiff's Complaint and, therefore, denies the same.

19. Denied.

20. Denied.

21. Denied.

22. Amazon admits the email was sent. The document speaks for itself.

23. Denied.

24. Denied.

25. Denied.

26. Amazon admits it sent Plaintiff a letter. The letter speaks for itself.

27. Amazon admits it sent Plaintiff communications regarding his discharge and regarding his leave requests. The documents speak for themselves.

28. Amazon admits an approval document was sent to Plaintiff. The document speaks for itself and Amazon denies any characterization of its contents.

29. Denied.

30. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of Plaintiff's Complaint and, therefore, denies the same.

31. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of Plaintiff's Complaint and, therefore, denies the same.

32. Denied.

## CAUSES OF ACTION

### I. FMLA Interference

33. Amazon restates each admission and denial contained in the preceding paragraphs as if the same were fully restated here.

34. Paragraph 34 of Plaintiff's Complaint contains only statements of law to which no response is required.

35. Denied.

36. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of Plaintiff's Complaint and, therefore, denies the same.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## II. Failure to Provide Required FMLA Notices

44. Amazon restates each admission and denial contained in the proceeding paragraphs as if the same were fully restated here.

45. Paragraph 45 of Plaintiff's Complaint contains only statements of law to which no response is required.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## HARMS AND LOSSES

51. Denied.

52. Any allegation in Plaintiff's Complaint not specifically admitted is denied.

53. Amazon states that Plaintiff is not entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

2. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of after-acquired evidence, unclean hands, waiver, estoppel, and laches.

3. Plaintiff's claims are barred, in whole or in part, because Amazon had lawful and legitimate reasons for all actions taken with respect to Plaintiff.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation(s).

5. Plaintiff's claims for damages are barred because Amazon's conduct was not the cause in fact or legal cause of the damages, if any, suffered by Plaintiff.

6. Amazon denies all liability to Plaintiff and denies that Plaintiff is entitled to any damages; but alternatively, any damages recovered by Plaintiff must be offset by any compensation or remuneration he has received or could have received with reasonable diligence during the period for which Plaintiff is seeking damages.

7. Plaintiff was an employee-at-will.

8. Plaintiff failed to provide adequate or timely notice of the need for FMLA leave as required by the FMLA and its implementing regulations.

9. Plaintiff failed to provide timely, sufficient, or complete medical certification supporting the need for FMLA leave despite being requested to do so.

10. Amazon acted in good faith and with reasonable grounds for believing its conduct complied with the FMLA, thereby barring or limiting any claim for liquidated damages.

11. Plaintiff's claims may be barred or limited by the doctrine of after-acquired

evidence to the extent Amazon later discovered conduct that would have independently resulted in the same employment action.

12. Amazon reserves the right to assert additional defenses and affirmative defenses based on discovery or as they become known.

**WHEREFORE**, having fully answered, Amazon respectfully contend that Plaintiff's claims in this matter should be dismissed in their entirety and with prejudice.

Respectfully submitted,

s/ *Howard B. Jackson*

Howard B. Jackson (TN 21316)
Emily E. Costanzo (TN 041447)
FORDHARRISON LLP
150 Third Avenue South, Suite 2010
Nashville, Tennessee 37201
Telephone: (615) 574-6700
Facsimile: (615) 574-6701
hjackson@fordharrison.com
ecostanzo@fordharrison.com

***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served via the Court's CM/ECF system this 22[th] day of April 2026, upon:

Clint J. Coleman
East Tennessee Employment Law, PLLC
520 W. Summit Hill Drive, Suite 101
Knoxville, TN 37902
(865) 383-1053
clint@etnemploymentlaw.com

***Counsel for Plaintiff***

s/*Howard B. Jackson*
Howard B. Jackson